IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH GUINDON, et al.,

                    Plaintiffs,

    v.

PENNY SUE PRITZKER, in her official
capacity as Secretary of the United States
Department of Commerce, et al.,

                    Defendants,
      and

COASTAL CONSERVATION
ASSOCIATION,

          Defendant-Intervenor.

No.    1:13-cv-00988-BJR

**MOTION BY ENVIRONMENTAL DEFENSE FUND, WILLIAM ARCHER, ANDREW CANTRELL, SCOTT HICKMAN, GARY JARVIS, AND THEODORE STEPHEN TOMENY, JR. FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS KEITH GUINDON, ET AL.**

Environmental Defense Fund ("EDF") and individual recreational fishermen William Archer, Andrew Cantrell, Scott Hickman, Gary Jarvis, and Theodore Stephen Tomeny, Jr. respectfully move this Court for leave to participate in the above-captioned case as *amici curiae* in support of Plaintiffs Keith Guindon, et al.  As explained below and supported by the attached Declarations of Heather Paffe and Gary Jarvis, potential *amici* have significant knowledge and expertise in the subject matter of this litigation and could provide the Court with helpful context in its consideration of the parties' cross motions for summary judgment.

Potential *amici* confine the discussion in their proffered brief, attached as Exhibit A, to the issues already addressed by the parties in their opening briefs; indeed, the response briefs from Defendants and Defendant-Intervenor catalyzed proposed *amici*'s participation and thus their brief could not have been filed earlier.

1

**A.  EDF**

EDF is a leading, national not-for-profit organization with more than 300,000 members. Declaration of Heather Paffe ("Paffe Decl.") ¶ 2 (attached as Exhibit B).  Since 1967, EDF has linked science, economics, law and innovative private-sector partnerships to create breakthrough solutions to the most serious environmental problems.  *Id.*  Through its Oceans Program, EDF identifies and supports the implementation of creative, practical solutions to the most critical problems facing the world's oceans.  *Id.*

In the 1990s, EDF identified individual fishing quotas ("IFQs"), a type of catch share, as a promising way to align the conservation and economic interests of Gulf of Mexico red snapper commercial fishermen and others.  Paffe Decl. ¶ 3.  During the decade between 1996 and 2006, EDF worked with fishermen and others to build support for catch share management in the Gulf. *Id.*  EDF sponsored academic research into the economic benefits of IFQ management in Gulf fisheries, leading to publications in peer-reviewed journals, and co-wrote a white-paper promoting IFQs with a commercial fisherman, presenting this paper to a National Research Council panel charged with making recommendations about IFQ implementation to Congress and Defendants.  *Id.*  When Congress authorized the Gulf of Mexico Fishery Management Council ("Council") to develop a profile of an IFQ program for red snapper, EDF staff participated in the Ad Hoc Red Snapper Advisory Panel that developed it.  Paffe Decl. ¶ 4.

EDF has also worked to develop solutions in the recreational sector of the red snapper fishery.  As it became apparent that existing methods, especially shortening seasons, were not working, EDF began to advocate for improving management using tools such as harvest management tags, used in hunting; angler management organizations that would devolve the

2

authority and responsibility to control a portion of the recreational quotas to a finer, more responsive scale; and modified IFQ programs for the for-hire sector.  Paffe Decl. ¶ 5.

This extensive experience advocating for solutions in the Gulf of Mexico red snapper fishery gives EDF a significant knowledge base from which to provide insight on the issues in this case.  Our status as a national environmental group also gives us a different perspective from the parties in the case.  As a result, EDF's participation could assist the Court in deciding the issues presented here.

### B. Recreational Fishermen

The proposed recreational fishermen *amici* approach the case as fishermen who make their living from selling charters to take anglers fishing for red snapper and other reef fish.  See Declaration of Gary Jarvis ("Jarvis Decl.") ¶¶ 2-3.  Defendants' chosen management method of shortening seasons undermines their businesses.  *Id. ¶* 3.  Under the current management system, for-hire captains including the recreational fishermen seeking permission to participate as *amici* cannot permit their customers to fish for red snapper even in state waters when the federal recreational fishery is closed.  50 C.F.R. § 622.20(a)(1).  Therefore, they are uniquely punished as the federal season shortens.

These fishermen participate extensively in the fishery management process and have put forward a variety of management improvements, Jarvis Decl. ¶¶ 4-6, but have encountered resistance.  The recreational fishermen seeking to participate as *amici* believe that a ruling for the Plaintiffs in this case would provide would provide additional incentive for Defendants to improve management, resulting in increased accountability, longer seasons and more stability for their small businesses.  *Id.* ¶ 5.

3

Plaintiffs Keith Guindon et al. primarily represent the commercial fishing perspective. Intervenor-defendant Coastal Conservation Association provides the point of view of another group of fishermen.  Proposed *amici* would like to present their perspective and demonstrate that recreational fishermen do not universally share Intervenor-defendant's assessment of this case.

## CONCLUSION

In sum, EDF and the recreational fishermen identified above have significant experience working with the Council and Defendants to improve the management of Gulf of Mexico red snapper, and they respectfully request permission to participate in this case to provide the Court with the benefit of their perspectives on the important ecological and economic issues at stake here.

Consistent with the standing order in this case, undersigned counsel has conferred with the existing parties in the case to ascertain their views on this motion.  Defendants do not take a position on the motion but reserve the right to request additional pages to respond to it. Defendant-Intervenor opposes the motion as untimely and prejudicial to Defendant-Intervenor at this point in the briefing schedule.

DATED this 10th day of January, 2014.

Respectfully submitted,


By:_____/s/_____
Monica B. Goldberg, DC Bar No. 459733
Environmental Defense Fund
1875 Connecticut Ave. NW
Suite 600
Washington, DC 20009
Telephone: (202) 572-3266
Facsimile: (202) 234-6049
mgoldberg@edf.org

4

Adam Babich, D.C. Bar No. 382747
Tulane Environmental Law Clinic
6329 Freret Street
New Orleans, LA 70118-6321
Phone: (504) 862-8800
Fax : (504) 862-8721
Email: ababich@tulane.edu

Attorney for William Archer, Andrew
Cantrell, Scott Hickman, Gary Jarvis, and
Theodore Stephen Tomeny, Jr.

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification.

DATED this 10th day of January, 2014.

_____/s/_____
Monica B. Goldberg